UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA GRILLO-KLEIN and JERRY KLEIN, <br><br> Plaintiffs, <br><br> v. <br><br> NEUTRON HOLDINGS, INC d/b/a LIME, LIMEBIKE, ONLINE+UBER, and NEUTRON HOLDINGS, INC., <br><br> and <br><br> CITY OF ST. LOUIS, <br><br> Defendants. | Case No. 4:22 CV 146 RWS |

## ORDER OF REMAND

This case was originally filed in the Circuit Court of the City of St. Louis, State of Missouri. The case was removed to this Court by Defendant Neutron Holdings, Inc. d/b/a Lime, LimeBike, Online+Uber, and Neutron Holdings, Inc. ("Lime"). This suit arises out of an injury sustained by Plaintiff Linda Grillo-Klein while she was riding one of Lime's scooters in the City of St. Louis. In their second amended petition Plaintiffs assert strict liability and negligence claims against Lime and Defendant City of St. Louis (the City). Plaintiffs assert that the City engaged in a joint venture with Lime by entering into a contract with Lime for

the common and pecuniary interest of both parties in providing the scooter service and sharing in the control and profits of the service.

On September 29, 2021, the City filed a motion to dismiss asserting sovereign immunity.  On December 3, 2021, the City filed a motion for a protective order seeking to stay discovery until the motion to dismiss was ruled upon.  On December 8, 2021, Lime served discovery requests on Plaintiffs including requests for admissions.  On December 29, 2021, the circuit court denied the City's motion to dismiss because Plaintiffs had adequately plead Lime and the City were engaged in a joint venture in renting scooters while sharing profits and control of the venture.  As a result, the circuit court found that Plaintiffs asserted that the City was engaged in a proprietary function in the joint venture and not entitled to sovereign immunity.

On February 7, 2022, Lime removed the case to this Court.  Lime asserts that Plaintiffs' responses to Lime's requests for admissions were due no later than January 7, 2022.  These requests for admissions all called for legal conclusions regarding the relationship between the City and Lime and between the City and Plaintiffs' injuries.  Because Plaintiffs never filed a response to the requests for admissions Lime argues that they all should be deemed admitted.  Lime asserts that the admissions negate Plaintiffs' pleading that the City was engaged in a proprietary function in a joint venture with Lime.  Lime argues that, based on Plaintiffs' admissions, the City has sovereign immunity and has been fraudulently

joined in this action.  Lime removed this case under the Court's diversity jurisdiction and asserts that the City has been fraudulently joined.

In other words, shortly after the circuit court denied the City's motion to dismiss based on sovereign immunity, Lime seeks to dismiss the City on the same grounds in their removal papers based on a delayed discovery response.

On February 18, 2022, in response to the removal of this case Plaintiffs filed a motion for leave to file responses to Lime's requests for admissions out of time. Plaintiffs provided Lime with responses the same day which all assert objections and deny the requests in that Lime's requests all call for legal conclusions.

Under both Mo. R. Civ. P. 59(d)(1) and Fed. R. Civ. P. 36(a)(3) a court may provide a longer time to respond to a request for admissions.  A trial court has discretion to allow the late filing of answers to requests for admissions absent a showing of bad faith or prejudice.  State ex rel. A.N.W. by T.J.W. v. D.T.F., 788 S.W.2d 805, 805 (Mo. Ct. App. 1990);  Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1312 (8th Cir. 1983)("the court, in its discretion, may permit the filing of an answer [to requests for admissions] that would otherwise be untimely.")  A permitted late response is equivalent to a withdrawal of an admission under Fed. R. Civ. P. 36(b).  Gutting, 710 F.2d at 1313.  Under Rule 36(b) "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

I find that allowing Plaintiffs to file their responses to Lime's requests for admissions out of time would promote the presentation of the merits of the action. The issue of whether or not the City was engaged in a proprietary function in a joint venture should be addressed on the merits and not as the result of late responses to discovery. I also find that Lime is not prejudiced in maintaining or defending this action on the merits based on granting Plaintiffs leave to file their responses out of time. This is so especially in light of the fact the circuit court had the City's motion to dismiss under submission at the time Lime filed its discovery requests, the circuit court recently denied the City's motion to dismiss, and the short period of time between the circuit court's decision and Plaintiffs' production of their responses (61days).

Because I am granting Plaintiffs' motion to file their responses to Lime's requests for admissions, the admissions are no longer deemed admitted and there is no basis to find that the City was fraudulently joined in this action. As a result, a compete diversity if citizenship of the parties is lacking in this matter and the case must be remanded to the Circuit Court for the City of St. Louis.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' motion for leave to file their response to Defendant Lime's requests for admissions out of time [21] is **GRANTED**. All other pending motions are denied without prejudice.

**IT IS FURTHER ORDERED that** this case is **REMANDED** to the Circuit Court of City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2022.